IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHANE ROBERT ERIC MYRES**,

        Plaintiff,

v.

**CAROLYN W. COLVIN**, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:13-cv-00262-AC

**OPINION AND ORDER**

Kathryn Tassinari and Brent Wells, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Gerald J. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        United States Magistrate Judge John V. Acosta issued Findings and Recommendation

("F&R") in this case on July 2, 2014. Dkt. 19. Judge Acosta recommended that the

Commissioner's final decision be affirmed and the case be dismissed. Plaintiff Shane Myres

timely filed objections to the Magistrate's Findings and Recommendation. Dkt. 23. Defendant

PAGE 1 – OPINION AND ORDER

responded to counsel's objections. Dkt. 24. Mr. Myres objects to the F&R's findings that : (1)
the ALJ provided clear and convincing reasons for rejecting Mr. Myres's testimony; (2) the ALJ
properly rejected the opinion of Christopher Wallis PAC, Mr. Myres's treating physician's
assistant; (3) Mr. Myres retains the ability to perform  work in the national economy; and (4) the
ALJ properly evaluated Mr. Myres's mental impairments at steps two and four of the sequential
analysis.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in
whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.
§ 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the
court shall make a de novo determination of those portions of the report or specified proposed
findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party
has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.
140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require
a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d
1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and
recommendations if objection is made, "but not otherwise"). Although in the absence of
objections no review is required, the Act "does not preclude further review by the district judge[]
*sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the
Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection
is filed," the Court review the magistrate's recommendations for "clear error on the face of the
record."

The Court has reviewed *de novo* those portions of the F&R to which Mr. Myres has objected, as well as Mr. Myres's objections and the Commissioner's response. The Court agrees with Judge Acosta's reasoning and conclusions regarding the ALJ's decision to not fully credit the opinion of Mr. Wallis and the ALJ's decision regarding Mr. Myres's mental impairments and adopts those portions of the F&R (Sections II.B and II.D). For the reasons discussed below, however, the Court declines to adopt the portions of the F&R relating to the ALJ's assessment of Mr. Myres's credibility and finding that Mr. Myres can perform work in the national economy (Sections II.A and II.C). The decision of the Commissioner is reversed and the case is remanded for an award of benefits.

## BACKGROUND

### A.  The Application

Mr. Myres filed an application for benefits on June 9, 2009, alleging an onset date of November 15, 2008. He alleged disability due to Crohn's disease and depression. The application was denied initially, on reconsideration, and by the Administrative Law Judge ("ALJ") after a hearing. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner.

### B.  The ALJ's Decision

At step one, the ALJ found that Mr. Myres has not engaged in substantial gainful activity since November 15, 2008, the alleged date of disability. AR 12. At step two, the ALJ determined that Mr. Myres suffered from the severe impairment of Crohn's disease. *Id.* The ALJ found that Mr. Myres's medically determinable mental impairments of depression and anxiety were non-severe. AR 13. The ALJ determined that Mr. Myres had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that he required convenient access to bathroom facilities. AR 14. The ALJ determined Mr. Myres could not perform past relevant

work as a roofer because, as the vocational expert ("VE") testified, that this job would not provide an individual with ready access to a bathroom. AR 17. Considering Mr. Myres's age, education, work experience, and RFC, and based on the testimony of the VE, the ALJ found that there were jobs that exist in significant numbers in the national economy that Mr. Myres can perform, such as hospital cleaner, material handler, and hand marker. AR 18. Accordingly, the ALJ found Mr. Myres was not disabled. AR 10.

## DISCUSSION

As noted above, the Court declines to adopt the portions of the F&R relating to Mr. Myres's contention that the ALJ erred by failing to give clear and convincing reasons for rejecting Mr. Myres's testimony and failing to meet the burden of proving that Mr. Myres retained the ability to perform work in the national economy.

## A. Mr. Myres's Credibility

Mr. Myres challenges the ALJ's finding that his testimony was not credible. Mr. Myres has produced objective medical evidence of an underlying impairment that could reasonably be expected to cause some degree of symptoms; therefore, the ALJ may reject Mr. Myres's testimony about the severity of those symptoms only if he provides specific, clear, and convincing reasons for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ provided four reasons for discrediting Mr. Myres's testimony. First, the ALJ noted that Mr. Myres's symptoms were historically controlled with medical marijuana and that Mr. Myres's testimony regarding medical marijuana use was inconsistent. AR 17. Second, the ALJ noted that Mr. Myres's fluctuations in bodyweight were not consistent with the severity of the alleged symptoms. *Id.* Third, the ALJ stated that Mr. Myres's activities of daily living, such as attending and even coaching his children's sports activities, were inconsistent with the degree of limitation he alleged. *Id.* Finally, the ALJ found Mr. Myres's testimony regarding the extent

PAGE 4 – OPINION AND ORDER

of his limitations to be not supported and in fact contradicted by the objective medical evidence and opinions of medical sources. The Court finds that these are not clear and convincing reasons to discredit Mr. Myres's testimony.

### 1. Medical marijuana

The ALJ concluded that Mr. Myres's testimony was not credible, in part, because his symptoms were historically controlled with medical marijuana. The ALJ noted that Mr. Myres repeatedly asserted that he could not afford the medications prescribed by multiple gastroenterologists, but was able to maintain his medical marijuana supply. As noted in the F&R, however, the record contains no evidence as to the relative cost of the medications prescribed, but which Mr. Myres claimed he could not afford, compared with the cost of Mr. Myres's medical marijuana. The Court agrees with the reasoning of the F&R concluding that the ALJ's determination that Mr. Myres's use of medical marijuana versus other prescribed medications was not a clear and convincing reason to discount Mr. Myres's testimony.

### 2. Weight Loss

The ALJ further discredited Mr. Myres's testimony because the ALJ determined that Mr. Myres's allegations of nausea, vomiting, and diarrhea conflicted with the testimony that Mr. Myres rarely lost weight and occasionally gained weight. The ALJ, however, both misinterprets the record on this issue and fails to provide any explanation as to how Mr. Myres's variation in bodyweight undermines the credibility of his statements regarding nausea, vomiting, and diarrhea.

The record shows that Mr. Myres's weight has varied not insignificantly during the relevant period, from a reported low of 157 pounds to a high of 182 pounds. Mr. Myres weighed 157 pounds in November of 2007. AR 231. His weight increased to 172 pounds in April of 2008, only to decrease to 166 pounds in May of the following year. AR 236, 247. In April of 2010, Mr.

Myres weighed 169 pounds. AR 305. In September of 2010, he weighed 182 pounds. AR 297. In

July of 2011 he weighed 179 pounds. AR 343. This evidence is not inconsistent with Mr.

Myres's testimony regarding his reported symptoms, and the ALJ erred in rejecting Mr. Myres's

testimony simply because his symptoms waxed and waned over the years. *See Garrison v.*

*Colvin*, 759 F.3d 995, 1017 (9th Cir. July 14, 2014) ("Cycles of improvement and debilitating

symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out

a few isolated instances of improvement over a period of months or years and to treat them as a

basis for concluding a claimant is capable of working."). Mr. Myres's fluctuations in weight are

not inconsistent with the alleged severity of his symptoms, and the ALJ provides no support for

the ALJ's conclusion to the contrary.

### 3.  Daily Living Activities

The ALJ also discredited Mr. Myres's testimony because his "[r]eported activities, such

as attending and even coaching his children's sports activities, are inconsistent with the degree of

limitation he alleged." AR 17. An ALJ may draw an adverse credibility finding from

inconsistencies between the alleged severity of the claimant's symptoms and his self-reported

activities. *See, e.g.*, *Valentine v. Commissioner*, 574 F.3d 685, 693 (9th Cir. 2009).  There are

two ways in which a claimant's activities of daily living can bear adversely on his credibility: if

they are inconsistent with the claimant's other testimony, or if they suggest skills transferable to

a work place. *Orn v. Astrue*, 495 F.3d 625, 639. Neither ground is applicable here, however, and

the ALJ appears to misinterpret Mr. Myres's testimony.

Mr. Myres's Function Report indicates that his activities included "watching my kids

with sports," sewing, and "coaching *when I can*." AR 165 (emphasis added). Mr. Myres stated

that he performs these activities, when he can and to the best that he can. AR 165. When asked to

describe changes in his activities since the onset of illness, Mr. Myres stated, "I can't coach for

teams because of being sick so often. I miss games when sick. Started sewing with them and for

them instead." AR 165. The ALJ's description of Mr. Myres's daily activities is not consistent

with Mr. Myres's Function Report. Furthermore, Mr. Myres's stated that he sometimes goes

shopping, but added that his ability to do this depends on his ability to be near a restroom. AR

164. Mr. Myres also stated that he sometimes helped his wife with household responsibilities,

but due to his illness he must usually rely on his wife. AR 163. Mr. Myres also noted that he

used to be able to function normally, but after the onset of his illness, he sometimes either vomits

or soils his pants throughout the day.

There is not substantial evidence in the record supporting the ALJ's conclusion that Mr.

Myres's reported activities are inconsistent with the severity and frequency of his alleged

symptoms. To the extent the record shows that Mr. Myres tries, whenever he can and to the best

of his ability, to perform some of the activities he used to perform, "disability claimants should

not be penalized for attempting to lead normal lives in the face of their limitations[.]" *Reddick v.

Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "[T]he mere fact that a plaintiff has carried on certain

daily activities . . . does not in any way detract from [his or] her credibility as to [his or] her

overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050; *see also Fair v. Bowen*, 885 F.2d

597, 603.

### 4.  Objective Medical Evidence

The ALJ found that the opinions of several medical sources did not support the extent of

the symptoms and limitations claimed by Mr. Myres. A lack of objective medical evidence,

standing alone, however, may not serve as a clear and convincing reason to discredit the

claimant's credibility when the ALJ has already determined that the claimant's impairments could

produce some of the symptoms alleged. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001) (noting that opinions by medical sources finding no exertional limitations cannot be the

sole basis of an adverse credibility finding, but is a relevant factor to consider); *see also Reddick*, 157 F.3d at 722. Because the Court has found the other reasons cited by the ALJ are not clear and convincing, the lack of objective medical evidence is an insufficient basis on which to discredit Mr. Myres's testimony.

In sum, the ALJ did not provide clear and convincing reasons for discrediting Mr. Myres's testimony. The adverse credibility finding is therefore reversed.

## B.  Credit-As-True Doctrine and Remand for Further Proceedings or Award of  Benefits

The Ninth Circuit has repeatedly credited evidence as true when the ALJ failed to provide clear and convincing reasons for discounting the testimony of the claimant or the opinion of the claimant's treating and examining physicians. *See Orn*, 495 F.3d at 640; *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Rodriguez v. Bowen*, 876 F.2d 759, 763. While the usual course is to remand for further proceedings, a court may remand for an immediate award of benefits "when no useful purpose would be served by further administrative proceedings, . . . or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion." *Rodriguez*, 876 F.2d at 763. A court "should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits" when the following three conditions are met: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke*, 379 F.3d at 593.

Here, because the ALJ did not provide clear and convincing reasons for rejecting Mr. Myres's testimony, the Court credits Mr. Myres's testimony as true. Accepting his testimony as

true, no outstanding issues remain to be developed, and it is clear from the record that the ALJ would be required to find Mr. Myres disabled.

The ALJ's decision notes that Mr. Myres suffers from Crohn's disease and that it is a "severe" impairment at step two of the sequential analysis. AR 12. Mr. Myres testified that at unpredictable times he experiences vomiting and diarrhea, often for long periods of time. AR 42. Mr. Myres further testified that on "bad days" he may need to use the restroom as much as eight to 12 times. AR 43. The hypothetical employee the ALJ presented to the VE did not include the now-credited symptoms described by Mr. Myres. Instead, the ALJ described a hypothetical individual whose "only significant limitation is that he or she would need ready access to a bathroom." AR 52. "Ready access to a bathroom" does not adequately incorporate the limitations of Mr. Myres's illness as described by Mr. Myres. When the VE was provided with a hypothetical employee with Mr. Myres's reported limitations, the VE opined that such an employee would likely be terminated because the necessary trips to the bathroom would interfere with the employee's duties. AR 54. Specifically, when the VE was asked whether an employee who required eight or more restroom breaks at irregular intervals during a single work shift once a week could be competitively employed, she responded that the time away from work would likely not be tolerated by an employer. AR 54-55. Given the vocational expert's response to this hypothetical, it is clear from the record that the ALJ would be required to find Mr. Myres disabled were Mr. Myres's testimony credited as true. Accordingly, the Commissioner's decision is reversed and remanded for the immediate award of benefits.

## CONCLUSION

The Court ADOPTS IN PART the F&R (Dkt. 19). The Court adopts sections II.B and II.D, regarding the testimony of Mr. Wallis and the evaluation of Mr. Myres's mental impairments. The analysis regarding the testimony of Mr. Myres and ultimate conclusion relating

to disability is set forth herein. The Commissioner's decision is REVERSED and REMANDED

for the immediate award of benefits.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge