IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHANE ROBERT ERIC MYRES**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

        Defendant.

Case No. 6:13-cv-00262-AC

**OPINION AND ORDER**

Kathryn Tassinari and Brent Wells, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Gerald J. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Defendant Carolyn W. Colvin (the "Commissioner"), pursuant to Federal Rule of Civil Procedure 59(e), seeks alteration or amendment of the Court's Judgment, issued September 24, 2014, remanding this case to the Commissioner for an award of benefits under Title XVI of the Social Security Act. For reasons set forth below, the Commissioner's motion is DENIED.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 424 (2012); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.") (emphasis in original) (citation and quotation marks omitted). Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted).

**DISCUSSION**

The Commissioner asserts that the Court committed clear error in its evaluation of the credibility determination made by the administrative law judge ("ALJ"). Moreover, the Commissioner contends that the Court improperly found that after Mr. Myres's testimony is credited as true, no outstanding issues remain to be developed and it is clear from the record that the ALJ would be required to find Mr. Myres disabled.

**A. Credibility Finding**

In its Opinion, the Court held that the ALJ failed to provide specific, clear, and convincing reasons to discredit Mr. Myres's subjective symptom testimony. The Commissioner argues that the Court committed clear error in so holding because: (1) the Court reversed the ALJ's decision to give more weight to the medical opinions about Mr. Myres's functional

PAGE 2 – OPINION AND ORDER

capacity than to Mr. Myres's testimony; (2) the Court overlooked Mr. Myres's inconsistent statements concerning how often he uses marijuana and how often he has symptoms of vomiting and diarrhea; and (3) the Court found that the ALJ provided no support for his conclusion that the evidence of Mr. Myres's weight is inconsistent with the severity of symptoms Mr. Myres's alleged.

The Commissioner cites *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), for the proposition that contradiction between a medical opinion and the claimant's testimony is sufficient by itself to reject symptom testimony. The *Carmickle* court, however, did not refer to the well-established rule that lack of objective evidence, standing alone, may not serve as a clear and convincing reason to discredit the claimant's credibility when the ALJ has already determined that the claimant's impairments could produce some of the symptoms alleged. *See, e.g.*, *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). There is no indication that the court in *Carmickle* intended to alter this rule. Additionally, the court in *Carmickle* found that the ALJ gave another valid reason for rejecting Plaintiff's testimony. 533 F.3d at 1161. Thus, contradiction between the claimant's testimony and the medical opinion was not the sole basis for discrediting the plaintiff in *Carmickle*. Mr. Myres correctly notes that, in almost every case that reaches this Court, there is a medical opinion that conflicts with the plaintiff's testimony. This cannot be, by itself, a clear and convincing reason to discredit every plaintiff.

The Commissioner argues the Court overlooked Mr. Myres's statements concerning his marijuana use and how often he has symptoms of vomiting and diarrhea. Regarding Mr. Myres's marijuana use, the Commissioner notes that Mr. Myres's testified that he used marijuana "a

PAGE 3 – OPINION AND ORDER

couple times per week," "when [he] is sick," but also stated that he "was sick all week long." According to the Commissioner, these statements discredit Mr. Myres's credibility.

This argument is unavailing. Mr. Myres did not testify that he always uses marijuana when he is sick. Furthermore, Mr. Myres noted that there are weeks when he needs marijuana more than a couple times, and that his marijuana use is not the same every week. AR 37-38. Similarly, Mr. Myres's statements regarding the regularity of his vomiting and diarrhea are not a clear and convincing reason to discredit him. Mr. Myres's statements regarding his symptoms have varied to a degree over the years because his symptoms have varied. At the hearing, Mr. Myres testified that his symptoms "are not the same every single week." AR 37. The Court did not clearly err by reversing the ALJ's decision to discredit Mr. Myres based on inconsistent symptom testimony.

The Commissioner argues that the ALJ's finding that Mr. Myres's weight was inconsistent with the severity of his symptoms was "the most reasonable conclusion based on the record." As the Court noted in its Opinion, however, changes in Mr. Myres's symptoms do not discredit his testimony. Mr. Myres's statement that his "weight is always fluctuating" is supported by the evidence in the record, and the Court did not clearly err in finding the ALJ improperly discredited Mr. Myres's testimony based on his weight. In sum, the Court did not clearly err in finding the ALJ improperly discredited Mr. Myres's testimony.

**B. Prejudice**

The Commissioner argues the Court also committed clear error by failing to determine prejudice without operation of a presumption. In its Opinion, the Court decided that after Mr. Myres's testimony is credited as true, no outstanding issues remain to be developed, and it is clear from the record that the ALJ would be required to find Mr. Myres disabled. Because the Court's decision that the ALJ failed to provide clear and convincing reasons for discrediting

PAGE 4 – OPINION AND ORDER

Mr. Myres was consequential to the ultimate non-disability determination, it was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

### C.  Remand for Benefits

Plaintiff's testimony establishes that at unpredictable times he experiences vomiting, sometimes for hours, if not all day. At times he experiences diarrhea to the point that he needs to use a restroom as much as eight to twelve times on a bad day. Had the ALJ credited Mr. Myres's testimony, he would not have concluded that the evidence "fails to sufficiently establish that the claimants Crohn's disease results in any significant functional limitations." AR 17. When the Vocational Expert ("VE") was provided with a hypothetical employee with Mr. Myres's illness as described by Mr. Myres, the VE opined that such an employee would likely be terminated because the necessary trips to the bathroom would interfere with the employee's duties. AR 52. Thus, after Mr. Myres's testimony is credited as true, this Court need not remand for further proceedings because "the record as a whole" does not "create[] serious doubt that [Mr. Myres] is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Accordingly, the Court was "required" to remand for benefits, and it did not clearly err in doing so. *Id.* at 1023.

### CONCLUSION

The Commissioner's motion to alter or amend the judgment (Dkt. 27) is DENIED.

**IT IS SO ORDERED**.

DATED this 16th day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
