UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHANE ROBERT ERIC MYRES, | Case No. 6:13-cv-262-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Shane Robert Eric Myres ("Myres") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Although Myres is the claimant in this case, the real party in interest to this motion is his attorney Kathryn Tassinari ("Tassinari"), and the Commissioner

does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Tassinari is entitled to fees under section 406(b) in the amount of $23.365.83.

*Procedural Background*

Myres filed his application for Disability Insurance Benefits and Supplemental Security Income Benefits ("Benefits") on June 9, 2009, alleging an onset date of November 15, 2008. His application was denied initially and on reconsideration. On January 6, 2012, an Administrative Law Judge ("ALJ") issued an opinion in which he found Myres not disabled and, therefore, not entitled to Benefits. That decision became the final decision of the Commissioner on December 26, 2012, when the Appeals Council denied Myres's request for review.

Myres sought review of the Commissioner's decision by filing a complaint in this court on February 14, 2013. Myres alleged the ALJ erred in four respects: (1) failing to give clear and convincing reasons for rejecting Myres's testimony; (2) rejecting the opinion of Christopher Wallis, PAC, the treating physical assistant; (3) failing to meet the burden of proving Myres retains the ability to perform "other work" in the national economy; and (4) failing to include Myres's mental impairments at steps two and four of the sequential analysis. On July 2, 2014, this court issued Findings and Recommendations rejecting Myres's arguments and recommending affirmation of the Commissioner's decision denying Myres's applications (the "F&R"). Myres filed objections to the F&R on August 1, 2014.

On September 24, 2014, District Judge Michael Simon issued an Opinion and Order in which he declined to adopt those portions of the F&R relating to the ALJ's assessment of Myres's

credibility and Myres's ability to perform work in the national economy, and remanded the matter for immediate award of Benefits (the "Opinion"). The Commissioner moved to alter or amend the Opinion on October 22, 2014, arguing Judge Simon erred in reversing this court's recommendation on the ALJ's credibility finding with regard to Myres, failing to consider whether such error was harmless or prejudicial, and remanding for an award of Benefits. Judge Simon denied this motion in an Opinion and Order dated December 16, 2014.

On March 13, 2015, Myres filed a Motion for Fees under the Equal Access to Justice Act (28 U.S.C. § 2412)(the "Act") in the amount of $6,619.12. On June 8, 2015, this court entered an Findings and Recommendation in which it found the Commissioner's position substantially justified and recommending denial of Myre's request for attorney fees under the Act. Judge Simon adopted the June 8, 2015 Findings and Recommendation on August 25, 2015. On October 23, 2015, Myres appealed the denial of his request for fees under the Act.

*Discussion*

The parties do not dispute Myres is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Tassinari requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Myres's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Tassinari from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason

of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Myres and Tassinari executed a contingent-fee agreement, which provided that if Tassinari obtained payment of past-due benefits, Myres would pay her twenty-five percent of the past-due benefits awarded. (Pl.'s Mot. for Attorney Fees (ECF No. 34)("Pl.'s Mot."), Ex. C.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Myres. Tassinari provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Myres and states it has withheld $23,353.30 in reserve to pay any attorney fees awarded by the court, which may not exceed twenty-five percent past due benefits. (Pl.'s Mot., Ex. A at 3.) Tassinari seeks the full

amount withheld, asserting Myres's retroactive benefits equaled approximately $93,427.30, an amount consistent with the sum withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808).  Here, Tassinari seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).  The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay

attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

    *A. The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Tassinari's representation. In fact, Tassinari eventually prevailed on two of her four arguments and successfully argued the remand should be for an award of benefits.

    *B. Results Achieved*

The court ordered a remand of Myre's claim for an immediate award of benefits, a wholly positive result obtained by Tassinari.

    *C. Undue Delays*

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Myres's opening brief was filed on November 11, 2013, after Tassinari requested, and

received, a five-week extension necessitated by the large number of briefs she filed in September and were due in October. The Commissioner filed the response brief timely on January 9, 2014, and, after obtaining an extension of four days, again due to the press of business, Myres filed his reply brief on January 31, 2014. The court granted Tassinari's motion to extend the objection deadline slightly more than two weeks, again because of Tassinari's busy schedule, and Myres's objections were filed August 1, 2014. Myres filed a timely response to the Commissioner's motion to amend on November 4, 2014.

The pendency of this action exceeded the normal time span due to the filing of objections by Myres and the filing of a motion to amend by the Commissioner. Tassinari's requests for extensions of time extended the action by nearly two months. However, the two-month delay was not disproportionally long in relation to the overall pendency of the action and was not unreasonable or unfounded. There is nothing in the record to suggest the delay attributable to Tassinari was "undue." Accordingly, a reduction of Tassanari's fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Tassinari filed an eighteen-page opening brief asserting four errors by the ALJ, and a seven-page reply brief bolstering her arguments in response to the Commissioner's opposition brief. Tassinari argued the matter should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings. When this court entered the F&R finding

the ALJ's decision was based on correct legal standards and supported by substantial evidence, and recommending the Commissioner's decision be affirmed, Tassinari filed a nine-page brief objecting to the F&R concentrating primarily on the ALJ's justification for discrediting Myres's testimony. Tassinari prevailed on her credibility arguments when Judge Simon declined to adopt the analysis in the F&R regarding Myres's testimony, reversed the Commissioner's decision, and remanded the matter for an immediate of Benefits. The Commissioner moved to amend or correct Judge Simon's position, to which Tassinari filed a ten-page response brief. Judge Simon denied the Commissioner's motion. The additional briefing on both the objections and the response to the motion to amend was relatively unique, making this case one of more than usual difficulty.

Based on the amount withheld by the Administration for attorney fees, Myres is entitled to $95,427.30 in retroactive benefits. Tassinari reports, and the time records confirm, she expended slightly more than thirty-five hours representing Myres in this matter. This time expenditure falls within the twenty- to forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Tassinari currently seeks $23,365.83 in attorney fees for her representation of Myres before this court, which results in an effectively hourly rate of $667.60. This hourly rate is justified by the results Tassinari achieved, and is consistent with those found reasonable for Tassinari's services by other judges in this district. *See Loew v. Colvin*, No. 6:13-cv-0446-SI, 2015 WL 5522047 (Sept. 26, 2015)(effective hourly rate of $498.84); *Seamon v. Colvin*, No. 03:10-cv-06421-HU, 2014 WL 51124 (D. Or. Jan. 5, 2014)(effective hourly rate of $545); *Atwood v. Colvin*, Civil No. 09-6207-HA, 2011 WL 6372790(Dec. 19, 2011)(effective hourly rate of $716.50); *Carver v. Astrue*, Civil No. 08-

6099-MO, 2010 WL 3950728 (Oct. 6, 2010)(effective hourly rate of $824.07)

*E.  Risk*

Tassinari briefly references the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners.  She then describes the risks unique to this case, emphasizing the diagnosis of Crohn's disease with its many subjective symptoms and potential inconsistencies in the record.

The issues raised by Tassinari on Myres's behalf were fairly routine in Social Security cases. However, the ALJ's errors identified by Judge Simon were subtle, rather than glaring, and the outcome of the case was far from assured, as evidenced by the difference of opinion between this court and Judge Simon, Tassinari's need to file objections to the F&R to achieve a ruling in her favor, and the Commissioner's motion to amend or correct Judge Simon's ruling.  The court finds no reduction of the request fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Myres's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 34) in the amount of $23,536.83 should be GRANTED.  If Tassinari is awarded attorney fees under the Act by the Ninth Circuit, Tassinari should be ordered to refund the lesser of the two fees to Myres.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **November 30, 2015**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 12th day of November, 2015.


                                              /s/ John V. Acosta
                                              JOHN V. ACOSTA
                                  United States Magistrate Judge